**Mohammad A. CHAUDRY, Petitioner,**

v.

**Michael B. MUKASEY, United States**

Attorney General,[1] Respondent.

No. 08–0001–ag.

United States Court of Appeals, Second Circuit.

Dec. 3, 2008.

Mitchell C. Zwaik, Bohemia, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Gregory M. Kelch, Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Mohammad A. Chaudry, a native and citizen of Pakistan, seeks review of a November 29, 2007 order of the BIA affirming the January 9, 2006 decision of Immigration Judge ("IJ") Sandy Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammad A. Chaudry,* No. A71 502 500 (B.I.A. Nov. 29, 2007), *aff'g* No. A71 502 500 (Im-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

mig. Ct. N.Y. City Jan. 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, we find that Chaudry failed to exhaust his argument that his attorney's actions constituted ineffective assistance of counsel. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). We also find that Chaudry has waived any challenge to the agency's pretermission of his asylum claim for failure to file within one year of arriving in the United States, as well as any argument that the agency erred in finding him ineligible for CAT relief. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

We further find that Chaudry's argument—that the IJ's decision to conduct his merits hearing without the presence of his attorney violated binding regulations—is without merit. 8 C.F.R. § 1240.10(a)(1) and (2) concern the IJ's obligation to apprise an applicant of his right to counsel and to provide him with a list of organizations that provide free legal services. Because Chaudry was represented by counsel, his argument is without merit. *Cf. Montilla v. I.N.S.,* 926 F.2d 162, 169 (2d Cir.1991).

■ Chaudry also argues that the IJ violated his due process rights because he conducted the merits hearing without Chaudry's counsel present. In order to establish a violation of due process in the asylum context, an applicant must show that he was denied a full and fair opportunity to present his claims. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (citing *Capric v. Ashcroft,* 355 F.3d 1075, 1087 (7th Cir.2004) ("Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.")). The record shows that Chaudry's attorney failed to appear because of his own scheduling error, and the IJ was under no obligation to continue the hearing, after having done so on numerous other occasions. Moreover, the IJ both questioned Chaudry regarding the details of his claim, and asked Chaudry numerous times if he wished to submit documentation or add anything. Because Chaudry fails to show that the IJ denied him a full and fair opportunity to present his claims, his due process claim is without merit. *Id.*

■ Finally, we find that the IJ's adverse credibility determination is supported by substantial evidence. The IJ found that Chaudry's "claim is not credible," citing an inconsistency between his asylum application and his testimony during his merits hearing. To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *Secaida–Rosales v. INS,* 331 F.3d 297, 308–309 (2d Cir.2003), *abrogated in part by Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). Here, the IJ relied on an inconsistency between Chaudry's asylum application, in which he claimed to fear future harm from the Islami Jamhoori Ittehad (IJI) and that he "was sure that the police would not listen to [his] complaints against [the] ruling IJI," and his testimony, in which he claimed to have been detained and beaten by the police.

This inconsistency is substantial where it relates to whether Chaudry was persecuted in the past and who his persecutors are, thus casting doubt on whether he was ever targeted by the IJI or the police. *See Secaida–Rosales*, 331 F.3d at 308–309. Chaudry argues in his brief to this Court only that his "testimony regarding his activities for the Pakistan People's Party and the resulting attacks from his political opponents are consistent with the written application for asylum." Because Chaudry's argument does nothing to explain the inconsistency identified by the IJ, and that inconsistency constitutes substantial evidence in support of the IJ's adverse credibility determination, the IJ's denial of Chaudry's withholding of removal claim was proper. *See Secaida–Rosales*, 331 F.3d at 308–309. Accordingly, we need not consider the agency's alternative burden of proof finding.

For the foregoing reasons, the petition for review is DENIED.